UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00198-LLK

**SHERRY ANN COOPER**　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**　　　　　　　　　　　**DEFENDANT**

**MEMORANDUM OPINION AND AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**

This matter is before the Court on the motion and amended motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,780.00, to which the Commissioner responded, arguing that the Court should reduce the fees to $11,062.00.  [DN 27, 33, 36].[1]

For the reasons below, the Court will GRANT the amended motion, [DN 33], in the amount requested of $14,780.00, which the Commissioner shall PAY counsel from the past-due benefits being withheld for payment of such fees.

**Procedural History**

After Plaintiff filed her complaint seeking judicial review of the Commissioner's final decision, [DN 1], the Commissioner agreed to a remand for further administrative proceedings, [DN 21], and an award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,450.00, [DN 26].

Upon remand, the Commissioner awarded Plaintiff past-due benefits in the amount of $180,956.00 and is presently withholding a portion of 25% of past-due benefits for payment of attorney fees under 42 U.S.C. § 406(b).  [DN 33-3 at 3].

In the present amended motion, Plaintiff's counsel seeks $14,780.00 of past-due benefits but agrees, as required by law, to "refund the EAJA fee received in this matter to Plaintiff."  [DN 33-7].

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, he plays a part in the fee determination resembling that of a trustee for the claimants."  [DN 36 at 3, quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)].

**Discussion**

Plaintiff's counsel is Edward A. Wickland; Olinsky Law Group; Syracuse, NY. Plaintiff entered into a contingency-fee agreement with counsel for federal court representation to the effect that, if, following successful court remand, the Commissioner awards disability benefits, counsel may charge Plaintiff attorney fees under Section 406(b) in an amount not exceeding 25% of past-due benefits awarded. [DN 33-2].

Chief Judge Stivers recently clarified that the Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 WL 4728773, at *2 (W.D. Ky. Aug. 14, 2020) (quoting *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014)). For purposes of determining whether the presumption has been rebutted, the Court applies what is "akin to a lodestar analysis":

> Finally, Candelaria takes issue with the emphasis on the lodestar analysis when assessing the reasonableness of contingency-based attorneys' fees. This point is well-taken but ultimately unavailing. After all, the Supreme Court in *Gisbrecht* expressly approved the use of contingency fee arrangements in social security cases and cautioned that the number of hours spent on a case should not serve "as basis for satellite litigation." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). At the same time, the Supreme Court charged this Court and others with assessing the reasonableness of contingency fee awards. *Id.* at 809. In practice, one of the only ways for the Court to do so is by scrutinizing either the number of hours billed or the hypothetical rate at which they are billed -- an analysis that admittedly is akin to a lodestar analysis.

*Id.* at *4 (cleaned up). Under Lodestar analysis, "the number of hours reasonably devoted to each case [is] multiplied by the reasonable hourly fee." *Gisbrecht*, 535 U.S. at 789. The undersigned interprets the foregoing to mean that, in reviewing a Section 406(b) motion, the Court should determine whether the lodestar product is in the ballpark of the requested fee. For the reasons below, the lodestar product in this case is the ballpark of the requested fee in the amount of $14,780.00.

In the Western District of Kentucky, a "typical itemization of hours by attorneys in Social Security cases … may range from 10 to as much as 40 hours or more, on complex cases." *Candelaria*, 2020 WL 4728773, at *3. "$420 per hour is [considered to be] on the higher end for an attorney with only one year

of experience in this specialized area of the law." *Id.* (citing *Kishbaugh v. Comm'r*, No. 4:17-CV-00107-HBB, 2019 WL 3483163, at *6 (W.D. Ky. July 31, 2019)).

Applying a $420 rate to the $14,780.00 fees request in this case results in a hypothetical expenditure of 35.2 hours of attorney time ($14,780.00 divided by $420 per hour). As noted above, *Candelaria* indicated that a successful brief in federal court may require 40 hours or more in a complex case. *Id.* In light of the relative complexity of Plaintiff's arguments, [DN 15-1], the requested fees are reasonable.

### The Commissioner's argument is unpersuasive.

A closer scrutiny of the number of hours billed and the rate at which they are billed would result in the type of "satellite litigation" discouraged by the Supreme Court as being at odds with the rebuttable presumption of reasonableness of contingency-fee arrangements. *Candelaria*, 2020 WL 4728773, at *4 (quoting *Gisbrecht*, 535 U.S. at 808). For the reasons below, the Court regards the Commissioner's argument that the attorney fees should be reduced from $14,780.00 to $11,062.00 as an invitation to engage in prohibited over-scrutiny.

The Commissioner arrives at his proposed fees of $11,062.00 based on the following itemization:

| Attorney McGarry: | 22.6 hours x $350 per hour = $7,910 |
|---|---|
| Attorney Wicklund: | 4.1 hours x $420 per hour = $1,722 |
| Attorney Olinsky: | 1.3 hours x $500 per hour = $650 |
| Paralegals: | 7.8 hours x $100 per hour = $780 |
| Total: | $11,062 |

While the Commissioner assumes the hours claimed were reasonably expended and scrutinizes the hourly rate (arguing a different rate should apply to each attorney), this Opinion assumes $420 per hour is a reasonable average rate for all attorneys and concludes, in light of the relative complexity of Plaintiff's arguments, [DN 15-1], that the fees requested reflect a reasonable expenditure of hours.

**Order**

Therefore, the Court GRANTS the amended motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount requested of $14,780.00, [DN 33], which the Commissioner shall PAY counsel from Plaintiff's past-due benefits being withheld for payment of such fees.  The original motion, [DN 27], is DENIED as moot.

November 9, 2020

Lanny King, Magistrate Judge
United States District Court